WALTERS, J.,
dissenting.
I respectfully dissent. In my view, ORS 166.250(l)(b) applies to drivers and passengers who are located entirely inside a vehicle and not to those persons, like defendant, who reach into a vehicle to place a handgun in or remove a handgun from a concealed location.
Under ORS 166.250(l)(b), a person commits the crime of unlawful possession of a handgun if the person knowingly “[pjossesses a handgun that is concealed and readily accessible to the person within any vehicle.” Relying on the rule of the last antecedent, the majority concludes that the adjectival phrase “within any vehicle” modifies the immediately preceding noun — person—and acknowledges that that phrase also may modify another preceding noun— handgun. 357 Or at 755. The majority is correct in both respects. “[W]here the sense of the entire act requires that the qualifying words apply to several preceding or even succeeding sections, the word or phrase will not be restricted to its immediate antecedent.” Johnson v. Craddock, 228 Or 308, 317, 365 P2d 89 (1961) (citing 2 Sutherland, Statutory Construction 448-49 (3d ed 1943); see also Norman J. Singer, 2A Sutherland Statutory Construction § 47:33 (7th ed 2008) *770 (stating the same principle as the 1943 edition). That is the circumstance here. Given that that statute’s applicability depends on a handgun being “readily accessible,” and that a handgun is “readily accessible” when it is within the passenger compartment of a vehicle, ORS 166.250 (4)(a), the phrase “within a vehicle” should be understood to modify “handgun” as well as “person.”
That understanding is of assistance in resolving the questions that the majority poses: What is the meaning of the word “within”? Does the statute apply only when a person is located entirely inside a vehicle, or does it also apply when a “substantial portion” of a person’s body is so located? When modifying “handgun,” the word “within” must mean entirely inside the passenger compartment of the vehicle. The reason is that, for the statute to apply, the handgun must be not only “readily accessible,” but also “concealed.” If the word “within” were to mean only partially inside the passenger compartment of a vehicle, it would describe a handgun that could be partially outside of the vehicle, and therefore exposed and not concealed. It seems more likely that, when referring to the handgun, the legislature used “within” to be consistent with the term “concealed” and in accordance with one of its dictionary definitions — “in limits or compass of’ and “not beyond”; “enclosed.” See 357 Or at 756 (reciting dictionary definitions).
It follows that “within” also means entirely inside when modifying “person.” There is no reason to think that the legislature intended “within” to have different meanings when modifying different nouns.
Further examination of the statute’s text, context, and legislative history confirms that understanding. The statute that became ORS 166.250(l)(b) was originally enacted in 1925. Or Laws 1925, ch 260, § 5. That statute made it “unlawful for any person within this state to carry concealed upon his person or within any vehicle which is under his control or direction any pistol, revolver or other firearm capable of being concealed upon the person * * Id. In 1999, when the Court of Appeals decided State v. Williams, 161 Or App 111, 984 P2d 312 (1999), ORS 166.250(l)(b) provided that “a person commits the crime of *771 unlawful possession of a firearm if the person *** [c] arries concealed and readily accessible to the person within any vehicle which is under the person’s control or direction any handgun ***[.]” The defendant in Williams was a passenger in a vehicle in which a handgun was concealed. The court held that ORS 166.250(l)(b) did not apply to him, because he was not a driver or a person who otherwise had control over the vehicle. 161 Or App at 118. The court explained that ORS 166.250(l)(b) required three things: “that the handgun is ‘concealed and readily accessible to the person,’ that the person does not have a license to carry it, and that the handgun is concealed ‘within any vehicle which is under the person’s control or direction!” Id. (Emphases in original.) Thus, from 1925 to 1999, ORS 166.250(l)(b) applied only to persons who carried concealed, readily accessible handguns within vehicles that they were operating. Those drivers would have been located entirely inside their vehicles.
In 1999, the legislature amended ORS 166.250 in direct response to Williams to make it applicable to vehicle passengers with ready access to handguns that they could use in drive-by shootings. 357 Or at 759-60. To achieve that end, the legislature made two changes to the wording of the statute. First, it eliminated the requirement that the vehicle be “under the person’s control or direction.” Id. at 759. Second, it changed the word “carry” to the word “possess” to “address the situation in which a handgun is concealed and readily accessible to a person within a vehicle, despite the fact that the person is not physically carrying the handgun.” Id. at 760. Thus, the legislature made the prohibition that had been applicable to a person who “[c] arries concealed and readily accessible to the person within any vehicle which is under the person’s control or direction any handgun,” ORS 166.250(l)(b) (1999), applicable to a person who “possesses a handgun that is concealed and readily accessible to the person within any vehicle.” ORS 166.250(l)(b).
When the legislature made those two changes, it eliminated the requirement that the person “within” the vehicle be a driver, but maintained the requirement that a person subject to the statute be “within” the vehicle. There is no reason to think that, in doing so, the legislature intended *772 to change the meaning of the word “within.” The legislature did not, for instance, add a noun, such as “owner,” that would indicate an intent to govern persons other than those who, like drivers and passengers, sit entirely within vehicles; a verb, such as “place” or “retrieve,” that would indicate an intent to govern such actions; or an adjective, such as “partially,” to indicate an intent to limit the meaning of the word “within.” The legislature could have done so; in Connecticut, for example, the legislature chose to prohibit the owner of a vehicle from having a firearm in a vehicle. Conn Gen Stat § 29-38(a).
Certainly, as the majority argues, the legislature could have changed the word “within” to “occupy,” but why should it have done so? The phrase “within any vehicle” had been easily understood. It referred to the location of persons who have vehicles under their control or direction — drivers who sit entirely inside their vehicles. Who would think that broadening the statute to make it applicable to passengers, who also sit entirely inside vehicles, would require the use of a new word or phrase? Like legislatures in other states, the Oregon Legislative Assembly wanted to capture vehicle occupants as well as operators within the statute’s ambit, but a description of those persons as persons “within” the vehicle was sufficient to the task. Unlike the Connecticut legislature, the Oregon Legislative Assembly did not express an intent to expand the reach of ORS 166.250(l)(b) to make it applicable to vehicle owners more broadly or to those who reach into their vehicles to place handguns in, or retrieve them from, a concealed location.
In fact, the statute’s context indicates a contrary intent. As noted, ORS 166.250(l)(b) is applicable when a person possesses a “concealed” handgun that is “readily accessible.” When a person reaches into a vehicle to place a handgun in a concealed location, the person is in the process of concealing the handgun, but the handgun is not yet “concealed.” And a handgun is not “readily accessible” if it is stored in a locked container, provided that the key is not inserted in the lock. ORS 166.250(4)(b). If the statute were interpreted to apply to the act of reaching in to conceal a handgun or to lock such a container, then the person who reached in or turned the lock would violate the statute, but *773 the person who later drove the car would not. Similarly, ORS 166.260(3) provides that ORS 166.250 does not apply to those who shoot at target ranges “or while going to and from those ranges,” or to licensed hunters or fishermen while engaged in hunting or fishing, “or while going to or returning from a hunting or fishing expedition.” If ORS 166.250 were interpreted to apply to the act of placing a gun in a vehicle before setting out on such a trip, then the person who prepared the vehicle for the trip would violate the statute, but the driver would not. It seems unlikely that the legislature intended to punish a person for placing a handgun in a location that a driver is permitted to maintain it. It is the requirement that both the person and the handgun be entirely “within” the vehicle that precludes that result. The person who only reaches into the vehicle does not violate the statute and neither does the driver.
The majority does not disagree that the legislature intended to exempt from prosecution persons who reach into vehicles to place handguns in locked compartments or to conceal them for permitted trips. However, the majority apparently finds, without identifying, some other source for that exemption. ORS 166.250(4)(a) provides that a handgun is not “readily accessible” once it is stored in a locked container and the key is removed from the lock. ORS 166.260 provides that a person does not violate ORS 166.250 “while” going to or returning from a permitted trip. Those provisions do not, by their terms, exempt persons who reach into vehicles to place handguns in permitted compartments or in concealed locations before beginning permitted trips. Perhaps the majority reasons that because the legislature permits a person to drive a vehicle under those circumstances, it also permits preparation to drive under those circumstances, including placing a handgun in a permitted place or for a permitted purpose.
That reasoning may be logical, but it also would permit the acts in which defendant in this case engaged. ORS 166.250(l)(b) does not prohibit a person from storing a handgun in a concealed location in a vehicle; it applies only when both the person and the gun are within the vehicle at the same time. Preparation to store a handgun in a vehicle includes placing the handgun into the vehicle. Furthermore, *774 even under the majority’s interpretation of the statute, a person does not violate the statute when he or she places a handgun in a concealed place without inserting any or “some portion” of his or her body in the vehicle when doing so. 357 Or at 761. There is no common sense reason that the legislature would criminalize reaching in with a torso, but not placing in with a hand. Common sense tells us that the legislature did not intend to criminalize reaching into a vehicle to store a handgun or retrieve it from storage; it intended to prohibit drivers and passengers from possessing concealed, readily accessible handguns that they could use to harm members of the public with whom they come into contact.
I understand full well that the words that the legislature uses are the best expression of its intent and that, when chosen words compel a result, the chosen words must be given effect. I know that that is so even when the result seems at odds with the legislature’s objective or defies common sense. But here, the word “within” does not compel the result that the majority reaches. The word “within” means “in the limits or compass of’ and “not beyond”; “enclosed.” If we give the word “within” that dictionary meaning, ORS 166.250(l)(b) correctly applies, as it always has, only to those persons who, like their handguns, are located entirely inside a vehicle. I respectfully dissent.
Brewer, J., joins this opinion.